INTERTOWN CORPORATION *v.* UNEMPLOYMENT
COMPENSATION COMMISSION.

1. Appeal and Error—Unemployment Compensation—Scope of
Review by Supreme Court.

The Supreme Court is limited in its review of matters, appealed
under the unemployment compensation act, to a review of
the judgment of the circuit court and does not consider mat-
ters neither argued nor passed upon below, notwithstanding
the matter is treated as a general appeal (CL 1948, § 421.-
38).

2. Unemployment Compensation—Bases for Disqualification for
Benefits.

The bases of disqualification of an employee for unemployment
benefits have been established by statute (CL 1948, § 421.29).

3. Same—Disqualification—Labor Dispute.

In determining an employee's alleged disqualification for un-
employment benefits because of existence of a labor dispute,
the Supreme Court need not characterize the "fault" in the
strike, as unemployment compensation does not depend upon
the merits of a labor dispute (CL 1948, §§ 421.29, 421.38).

4. Same—Disqualification—Strike.

Employees who do not quit their jobs but go out on strike re-
main employees so far as disqualification for unemployment
benefits are concerned (CL 1948, § 421.29).

---

References for Points in Headnotes

[2] 48 Am Jur, Social Security, Unemployment Insurance, and
Retirement Funds, § 34.
[3-5] 48 Am Jur, Social Security, Unemployment Insurance, and
Retirement Funds, § 36.
[3-5] Construction and application of provisions of social security
or unemployment compensation acts regarding disqualification
for benefits because of labor disputes or strikes. 135 ALR
920; 148 ALR 1309; 154 ALR 672; 173 ALR 490.

5. Same—Strike—Discharge—Disqualification.
    Employees who went out on strike and were later discharged
        by the employer during the strike were not disqualified for
        unemployment benefits for period after cessation of strike (CL
        1948, § 421.29).

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted June 9, 1950. (Docket No. 60, Calendar No. 44,815.) Decided September 11, 1950.

Certiorari by Intertown Corporation to review award of unemployment compensation to Margaret Braun and Walter Roesler. Order of appeal board affirmed. Plaintiff appeals. Affirmed.

*Wurzer, Higgins & Starrs* (*Robert A. Macdonell,* of counsel), for plaintiff.

*Stephen J. Roth,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Arthur W. Brown* and *George W. Bourgon,* Assistants Attorney General, for Michigan Unemployment Compensation Commission.

*Rothe & Marston* (*Seymour Goldman,* of counsel), for claimants.

Bushnell, J. Claimant Margaret Braun was employed as an elevator operator and claimant Walter Roesler as a janitor by plaintiff Intertown Corporation, a Michigan corporation, which owns and operates the David Broderick Tower, an office building in Detroit. A group of the corporation employees desired union recognition and gave a strike ultimatum to plaintiff. An employer witness stated that prior to the strike date the corporation agreed to arrange an election, but that the employees nevertheless went out on strike on October 26, 1948.

Elevator operation was restored within an hour. New employees were hired, and there was no work stoppage in the building after the first week. Claimants received their pay checks the following week with a statement of their total earnings and a letter which they interpreted as a termination of their employment. However, they continued to picket the building until December 14, 1948, when the dispute ended.

Margaret Braun worked in a department store during the Christmas holidays and, when laid off, filed an unemployment claim on January 7, 1949. Walter Roesler worked for the 6 days before Christmas and filed his claim on January 12, 1949. Neither claimant asked for unemployment benefits between October 26th and December 14th. The commission's redetermination of May 10, 1949, held that claimants were not disqualified under section 29 of the unemployment compensation act (PA 1936 [Ex Sess], No 1, as amended [CL 1948, § 421.1 *et seq.* (Stat Ann 1949 Cum Supp § 17.501 *et seq.*)]).

Plaintiff's appeals were heard before the referee on May 31, 1949. He affirmed the redeterminations on the ground that claimants were not disqualified under section 29(1)(a)(1) or section 29(1)(b) of the act. The appeal board affirmed the findings of the referee, as did the circuit court later on certiorari. Plaintiff has appealed from the circuit court judgment, entered on January 11, 1950.

The disqualifications now alleged by plaintiff under section 29(1)(a)(2) and under the Bonine-Tripp act (PA 1939, No 176, as amended [CL 1948, § 423.1 *et seq.* (Stat Ann 1949 Cum Supp § 17.454[1] *et seq.*)]), were not asserted before the referee or the appeal board. They were included for the first time in the petition for certiorari before the circuit court. That court, while making reference to section 29(1)(a)(2), did not pass on these, but merely

affirmed the findings of the referee. The referee and appeal board heard argument only on section 29(1)(a)(1) and section 29(1)(b), the latter no longer being urged.

While the matter here is treated as a general appeal (CL 1948, § 421.38 [Stat Ann 1949 Cum Supp § 17.540]; *Palmer* v. *Unemployment Compensation Commission,* 310 Mich 702 [158 ALR 909]) this Court is limited to a review of the circuit court judgment (*Godsol* v. *Unemployment. Compensation Commission,* 302 Mich 652 [142 ALR 910]). We do not consider matters neither argued nor passed upon below. The only question, therefore, is whether claimants left work voluntarily without good cause attributable to the employer. (CL 1948, § 421.29[1] [a][1] [Stat Ann § 17.531(1)(a)(1)].)

In maintaining its neutral position in employer-employee relations, the State has established statutory bases of disqualification for unemployment benefits. The disqualifications of subsection (a) are for the duration of unemployment, and this includes the voluntary leaving of work by the employee. The following subsection (b) disqualifies the employee for those weeks of his unemployment which are due to stoppage of work because of a labor dispute in which he is directly involved. This specific provision in regard to the labor dispute disqualification indicates that such should not be within the reach of the "voluntary leaving" of section 29(1)(a)(1). *In the Matter of Landaal,* 273 Mich 248.

This Court need not characterize the "fault" in the strike. Unemployment compensation does not depend upon the merits of a labor dispute. *Lawrence Baking Co.* v. *Unemployment Compensation Commission,* 308 Mich 198 (154 ALR 660). Claimants here did not quit their job; they went out on strike. Although on strike they were still employees. See *Lawrence Baking Company Case, supra,* and

*National Labor Relations Board* v. *Mackay Radio & Telegraph Co.,* 304 US 333 (58 Sup Ct 904, 82 L ed 1381). They remained employees until discharged by the corporation during the second week of the strike.

The judgment is affirmed, with costs to appellees.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, CARR, and SHARPE, JJ., concurred.