LEE *v.* EMPLOYMENT SECURITY COMMISSION.

1. STATUTES—CONSTRUCTION—INTENT.
   The primary rule in the construction of statutes is to ascertain and give effect to the intention of the legislature.

2. SAME—CONSTRUCTION.
   A bare reading of a statute suffices and no interpretation is necessary if the language employed therein is plain, certain and unambiguous.

3. SAME—EFFECT GIVEN TO ALL PARTS.
   Effect must be given, if possible, to every word, sentence, and section of a statute when construing it.

4. SAME—ENTIRE ACT READ.
   The entire act must be read when construing a statute and the interpretation to be given to a particular word in one section

REFERENCES FOR POINTS IN HEADNOTES

[1] 50 Am Jur, Statutes § 223.
[2] 50 Am Jur, Statutes § 225.
[3, 4] 50 Am Jur, Statutes § 358.
[5, 6] 48 Am Jur. Social Security, Unemployment Insurance and Retirement Funds § 43 *et seq.*
[7] 48 Am Jur, Social Security, Unemployment Insurance and Retirement Funds § 51 (Supp).

arrived at after due consideration of every other section, so as to produce, if possible, a harmonious and consistent enactment as a whole.

5. UNEMPLOYMENT COMPENSATION—VOLUNTARY PAYMENT OF CONTRIBUTIONS.
   The voluntary payment and acceptance of contributions under the employment security act do not fall within the restrictive provisions of the act as to "disputed issues" requiring an employer to request a redetermination thereof within 15 days, or 1 year for good cause (CLS 1954, § 421.32a).

6. SAME—CONTRIBUTIONS—APPLICATION FOR REFUND.
   An employer who mistakenly but voluntarily pays contributions under the employment security act has 3 years within which to apply for the refund thereof (CLS 1954, § 421.16).

7. COSTS—REFUND OF CONTRIBUTIONS—CONSTRUCTION OF STATUTES.
   No costs are allowed in proceeding to recover refund of contributions under the employment security act, where the construction of a statute is involved (CLS 1954, §§ 421.16, 421.-32a).

Appeal from Oakland; Doty (Frank L.), J. Submitted April 11, 1956. (Docket No. 61, Calendar No. 46,792.) Decided June 14, 1956.

Certiorari by Vincent Lee, doing business as Master Polishing & Buffing Company, to review determination of Michigan Employment Security Commission and its appeal board to the effect that he was liable for contributions. Order directing commission to refund certain sums collected. Defendant appeals. Affirmed.

*William K. Kreston,* for plaintiff.

*Thomas M. Kavanagh,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Arthur W. Brown,* Assistant Attorney General.

SHARPE, J. This case involves a construction of section 16 and section 32a of P.A. 1936 (Ex Sess),

No 1, as last amended at the time of the controversy, by PA 1951, No 251, being CLS 1954, §§ 421.16, 421.32a (Stat Ann 1955 Cum Supp § 17.517 and Stat Ann 1953 Cum Supp § 17.534[1]).

The pertinent parts of the act in question are as follows:

"Sec. 16. If not later than 3 years after the date of payment of any amount as contributions or interest thereon, an employing unit which has paid such amount shall make application for an adjustment or refund thereof the commission shall determine whether such contributions or interest or any portion thereof was erroneously collected; and the employing unit shall be promptly notified of such determination, which shall become final unless the employing unit files with the commission an application for redetermination thereof in accordance with the provisions of section 32a of this act. In the event it is finally determined, redetermined or otherwise decided that any amount thus at issue was erroneously collected, the commission shall allow such employing unit to make an adjustment thereof, without interest, in connection with subsequent contribution payments by him: Provided, That if such adjustment cannot be made within the ensuing 3 months the commission shall refund said amount, without interest, from the appropriate fund or funds. For like cause, in the same manner, and within the same period, adjustment or refund may be made by the commission on its own initiative." (CLS 1954, § 421.16 [Stat Ann 1955 Cum Supp § 17.517].)

"Sec. 32a. The commission shall upon application by an interested party filed within 15 days after the mailing of a notice of determination, or may upon its own motion within said period, review any determination and thereafter issue a redetermination affirming, modifying, or reversing the prior determination and stating the reasons therefor. The commission shall promptly notify the interested parties

of such redetermination which shall become final unless within 15 days after the mailing of a notice thereof an appeal is filed for a hearing on such redetermination before a referee in accordance with the provisions of section 33 of this act: *Provided,* That the commission may, for good cause, reconsider any prior determination or redetermination after the 15-day period has expired and issue a redetermination affirming, modifying or reversing the prior determination or redetermination, but no such reconsideration shall be made after 1 year from the date of mailing of the original determination on the *disputed issue.* If, in the event of failure on the part of an interested party to file a protest within the 15-day period, the commission for good cause reconsiders any prior determination and issues a redetermination, no disqualification or ineligibility imposed thereunder shall apply to any waiting period for which credit has been granted or compensable period for which benefits have been paid or are payable unless such credit or benefits have been obtained by reason of a false statement or nondisclosure or misrepresentation of a material fact by the claimant: *Provided further,* That such redetermination shall become final unless within 15 days after the date of mailing of such notice of redetermination an appeal is filed for a hearing on such redetermination before a referee in accordance with the provisions of section 33 of this act." (CLS 1954, § 421.32a [Stat Ann 1953 Cum Supp § 17.534 (1)].) (Emphasis supplied in part.)

The facts leading to an interpretation of the above acts are as follows: In March, 1950, Vincent Lee and Edward Krencicki entered into a copartnership agreement for a business known as Master Polishing & Buffing Company. This partnership was dissolved September 9, 1951, at which time Vincent Lee bought the interest of his partner Edward Krencicki. Up to the time the copartnership entity was terminated

it had not had as many as 20 weeks of 8 people in employment, and Vincent Lee, after his purchase of the interest of his partner, did not have as many as 20 weeks of 8 people in employment during the calendar year of 1951.

On November 9, 1951, Vincent Lee filed a commission form UC 9, entitled "registration report to determine liability," with the Michigan employment security commission. This form, as filled out and filed, stated that Vincent Lee was the owner of the business; had first hired workers in Michigan on March 13, 1950, and that up to the date of filing, he had 25 weeks of 8 or more people in employment during the calendar year of 1951.

On January 2, 1952, the commission, acting upon the information furnished, issued a liability determination finding Vincent Lee to be an employer under section 41 (1) of the act, effective January 1, 1951, being CLS 1954, § 421.41 (Stat Ann 1953 Cum Supp § 17.543). Notice of such determination was mailed to Vincent Lee on January 2, 1952, and such determination was not protested or appealed by Vincent Lee within the 15-day period prescribed for appeals under section 32a of the act. Thereafter, Mr. Lee, pursuant to the determination, reported and paid contributions on the wages of persons working for him for the calendar years of 1951 and 1952.

On March 26, 1953, Vincent Lee wrote a letter to the commission requesting a review and redetermination of the commission determination of liability of January 2, 1952, and a refund of the contributions paid to date. On April 9, 1953, the commission informed Vincent Lee that it could not reopen the determination of January 2, 1952, nor grant the request for a refund, and in the same letter the commission issued a determination to the effect:

"RIGHT OF APPEAL: This denial of a redetermination shall be final unless a written appeal for a hearing before a referee is received by this commission within 15 days from the date of mailing of this notice."

An appeal was taken on April 23, 1953, and following this a redetermination was issued on May 1, 1953, affirming the determination of April 9, 1953, denying Vincent Lee's request for a refund.

The above refusal on the part of the commission was appealed by Vincent Lee to a referee, and the referee affirmed the redetermination. The decision of the referee was appealed to the appeal board with like result. Thereupon, Vincent Lee appealed from such decision to the circuit court of Oakland county. On March 22, 1955, the trial court filed an opinion, in which he stated in part:

"Through error, on November 9, 1951, Vincent Lee filed a report to determine liability with the Michigan employment security commission showing that he commenced operating the Master Polishing & Buffing Company on March 13, 1950, and that during the year 1951 he had 8 or more individuals in employment for a period of 25 weeks. On January 2, 1952, the commission issued a notification of tax liability holding the appellant liable for contributions beginning with January 1, 1951. Contributions were paid on the wages of the employees through the fourth quarter of 1952 without protest.

"The department of internal revenue, the county clerk, and the Michigan department of revenue were notified of the change of entity, but through error the Michigan employment security commission was not notified directly. However, in December, 1952, the commission's auditor, Mr. E. R. West, made an audit of the books and records of Master Polishing & Buffing Company, including the pay roll register and the social security report. These latter rec-

ords showed on their face the change of entity.
* * *

· "It is apparent that the error herein concerned was an error on the part of the employer without subsequent correction by the commission upon its audit of the Master Polishing & Buffing Company books and records. The employer's bookkeeper made certain errors in filing the form UC 9 on November 9, 1951, but the commission's auditor apparently took no notice of plainly visible entries made on records which he admittedly examined. This court, therefore, concludes that a mutual error took place.

"The court notes further that (in) the referee's 'Findings of Fact' that the key words of the issue here are the words 'erroneously collected' as used in section 16 of the Michigan employment security act is an admission that section 16 applies. * * *

"This court believes that the appellee's expression that ' "erroneously" as used in section 16 properly relates to the payment or collection of contributions that have mistakenly been paid because of mathematical or other errors of computation or because of mathematically incorrect commission auditing which required adjusting or the like' reads into the act a nonapparent factor and one which is not logically explained, and, hence, untenable. * * *

"In the opinion of this court the amended section 16 (which deals with erroneously collected funds) is specific in its position to section 32a and does apply in the case at hand (as even the referee felt it did), so that the appellant is rightfully entitled to a refund. An order may be entered in accordance herewith."

The commission appeals the decision of the circuit court to the Supreme Court and urges that:

"The determination of January 2, 1952, established the liability of Mr. Lee as an employer under the act for the payment of the contributions as to which he is now seeking a refund under the provisions of section 16. That determination, which was mailed by

registered mail to Mr. Lee and which was received and signed for by him on January 3, 1952, became final under the provisions of sections 14 and 32a of the act, respectively. Being final and conclusive, the determination was binding not only upon the employer, but upon the commission as well."

Prior to this time we have had no occasion to construe sections 16 and 32a of the statute. The rule adopted by our Court in the construction of statutes is well stated in *City of Grand Rapids* v. *Crocker,* 219 Mich 178, 182, 183, where we said:

"There seems to be no lack of harmony in the rules governing the interpretation of statutes. All are agreed that the primary one is to ascertain and give effect to the intention of the legislature. All others serve but as guides to assist the courts in determining such intent with a greater degree of certainty. If the language employed in a statute is plain, certain and unambiguous, a bare reading suffices and no interpretation is necessary. The rule is no less elementary that effect must be given, if possible, to every word, sentence and section. To that end, the entire act must be read, and the interpretation to be given to a particular word in one section arrived at after due consideration of every other section so as to produce, if possible, a harmonious and consistent enactment as a whole."

The key words in section 16 are "erroneously collected." Under section 16 an employer has 3 years after the date of payment to file a request for a refund. However, under section 32a it is provided that determinations shall become final unless a request for redetermination is filed within 15 days after the employer is notified of the determination. Section 32a also provides that the commission may reconsider a determination for good cause, provided it is made within 1 year from the date of mailing of the original determination on the *disputed issue.*

The words "disputed issue," as used in section 32a, refer to a contested issue or a matter in dispute between the employer and the commission. In such disputed matters relief must be requested within 15 days or within 1 year for good cause shown. In our opinion matters not in dispute, such as payments voluntarily made and accepted, do not fall within the restrictions of section 32a.

In the case at bar the payments were voluntarily made and accepted. Under these circumstances section 16 applies. In view of the fact that plaintiff made application for a refund within the 3-year period, he is entitled to such refund.

The judgment of the circuit court is affirmed, but without costs as the interpretation of a statute is involved.

DETHMERS, C. J., and SMITH, BOYLES, KELLY, CARR, and BLACK, JJ., concurred with SHARPE, J.

EDWARDS, J., took no part in the decision of this case.

BLACK, J. (*concurring*). This is another case where circuit court certiorari proceedings have arrived and burgeoned in this Court without application and grant of leave to appeal. There having been no challenge either from party or Court considering absence of such application and leave, the merits of the controversy were fully briefed and submitted during the April term.

During the same term we received another like case (*Melia* v. *Employment Security Commission, post,* 544), the only procedural difference being that the latter arrived here on due application for leave to appeal and order granting same dated December 1, 1955.

In the one instance we apparently continue to treat "the matter" as a general appeal requiring no application and grant of leave (*Palmer* v. *Unemployment Compensation Commission,* 310 Mich 702, 158 ALR 909); *Intertown Corporation* v. *Unemployment Compensation Commission,* 328 Mich 363); whereas by granted appeal in the other we leave in picturesque uncertainty the question whether final circuit court orders entered on certiorari to the Michigan employment security commission are reviewable here of right.

I allude to this anomaly of the April term for future reference in conjunction with respective opinions filed in *In re Fitch Drain No. 129,* 346 Mich 81, and to guard against exposure to future suggestion that silence here makes acquiescent law in favor of review of right from circuit court certiorari proceedings.

Considering mentioned opinions in the *Fitch Drain Case* and corresponding expiration here of the time within which delayed appeal might effectively be sought, I am ready on this separate occasion to accept the attorney general's claim of appeal as a duly granted application for leave to appeal. Having done so, I concur both as to reasoning and result in Mr. Justice Sharpe's opinion.