LINSKI *v.* EMPLOYMENT SECURITY COMMISSION.

UNEMPLOYMENT COMPENSATION—DISQUALIFICATION FOR BENEFITS—
MISCONDUCT CONNECTED WITH WORK—LABOR DISPUTE—OVERRULED
CASE.

> Plaintiff steward for union which had a contract with employer,
> permitting discharge by the employer of an employee who
> struck without authorization of the parent union, was dis-
> qualified for receiving unemployment compensation benefits for
> duration of his unemployment due to the labor stoppage in-
> volved and which the appeal board found plaintiff had called
> without authorization, rather than disqualification for mis-
> conduct connected with his work, a reason for disqualification
> which would have resulted in loss of employment credits there-
> tofore accumulated, overruling *Cassar* v. *Employment Security
> Commission,* 343 Mich 380 (CLS 1956, § 421.29 [1] [a] [b]).

DETHMERS, C. J., and CARR and KELLY, JJ., dissenting.

Appeal from Wayne; Moynihan (Joseph A.), J.
Submitted June 4, 1959. (Docket No. 26, Calendar
No. 47,912.) Decided November 25, 1959.

William Linski presented his claim for unemploy-
ment compensation which was denied with finding
that he was disqualified because of misconduct rather
than because of labor dispute. Plaintiff reviews by
certiorari, joining Appeal Board of the Employment
Security Commission, the Commission, and Wood
Fabricating Company, employer, as defendants. Re-
versed as to reason for disqualification, and re-
manded.

REFERENCES FOR POINTS IN HEADNOTES

48 Am Jur, Social Security, Unemployment Insurance, and Retire-
ment Funds §§ 36, 38.

*Schwartz & O'Hare* (*Sander M. Levin* and *Boaz Siegel,* of counsel), for plaintiff.

EDWARDS, J. This is an appeal in the nature of certiorari from a judgment in Wayne circuit court. The judgment affirmed prior decisions of the referee and appeal board of the Michigan employment security commission disqualifying ·appellant from unemployment compensation.

The question posed by this case is which of 2 statutory disqualifications applies under the facts here involved. The appeal board applied the misconduct disqualification which wipes out all past employment credits claimant had accumulated. This disqualification also denies unemployment compensation until and unless claimant becomes re-employed long enough to again accumulate the necessary credits. Appellant claims, on the other hand, that the labor dispute disqualification, rather than the misconduct disqualification, should have been applied. This less severe penalty would have resulted in disqualification only for the duration of the stoppage of work.

Appellant was the union steward at the Wood Fabricating Company. He claimed that the company had violated seniority and safety provisions of the agreement. The episode which led to appellant's discharge and subsequent unemployment compensation claim was an abortive strike over these grievances. The company claimed the strike was in violation of contract. The strike was unauthorized by the parent union, Local 1452 of the International Brotherhood of Carpenters.

The only fact dispute revealed by this record pertains to whether or not appellant called or encouraged the stoppage. The appeal board held that he did. Our view of this record reveals evidence which supports this conclusion.

In proceedings of this nature, we accept the findings of fact of the appeal board where there is evidence in the record to support them. *Peaden* v. *Employment Security Commission,* 355 Mich 613.

See, also, opinion for reversal, *Knight-Morley Corporation* v. *Employment Security Commission,* 350 Mich 397, 411.

Our problem is which of 2 disqualification sections applies under these facts.

The misconduct disqualification in the employment security statute reads as follows:

"Sec. 29. (1) An individual shall be disqualified for benefits:

"(a) For the duration of his unemployment in all cases where the individual has: (1) * * * (2) has been discharged for misconduct connected with his work or for intoxication while at work." CLS 1956, § 421.29 (Stat Ann 1957 Cum Supp § 17.531).

The labor dispute disqualification in the employment security statute reads as follows:

"Sec. 29. (1) An individual shall be disqualified for benefits:

"(a) * * *

"(b) For any week with respect to which his total or partial unemployment is due to a stoppage of work existing because of a labor dispute in the establishment in which he is or was last employed." CLS 1956, § 421.29 (Stat Ann 1957 Cum Supp § 17.531).

The generally accepted interpretation of the misconduct clause in employment security statutes has been adopted by this Court:

"Misconduct within the meaning of an unemployment compensation act excluding from its benefits an employee discharged for misconduct must be an act of wanton or wilful disregard of the employer's

interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer." 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds, § 38, pp 541, 542.

See *Cassar* v. *Employment Security Commission,* 343 Mich 380, 405; *Boynton Cab Company* v. *Neubeck,* 237 Wis 249 (296 NW 636); *Boynton Cab Company* v. *Schroeder,* 237 Wis 264 (296 NW 642); *Mandes* v. *Employment Security Agency,* 74 Idaho 23 (255 P2d 1049); annotation 146 ALR 243.

It is plain that in any labor dispute the concerted joining of employees to cease work can be construed as "intentional and substantial disregard of the employer's interest." If mere cessation of work in concert with others constituted "misconduct" within the meaning of the act, there would, of course, have been no occasion for the legislature to adopt section 29, subd (1) (b), pertaining to labor disputes.

On the surface of the matter, the episode we deal with has all the appearances of a labor dispute. The person involved had been the union steward for 2 years. There were preceding arguments over shop safety and seniority with the general foreman of the plant. There was a brief stoppage of work on the morning in question before starting time. The owner of the company called the parent union representatives to the plant to end this stoppage. They came and it ended. The owner discharged the steward because he claimed the steward had called the strike in violation of contract procedure. The union made no protest about the discharge, presumably because the strike had never been authorized by it.

The contract in this record does not contain a no-strike clause. It does contain a clause authorizing discharge of any employee who struck without union authorization.

The referee and appeal board obviously came to the conclusion that the claimant was in violation of the contract in calling the strike without union authorization. On this record, both referee and appeal board were entitled to arrive at this conclusion. And the penalty of discharge provided by contract has been applied, is in effect, and is, of course, not a subject of this appeal.

What may well justify discharge does not, however, necessarily constitute statutory "misconduct." The employee here sought to justify his act by citing prior violations of the agreement by the company. These, the appeal board refused to examine. In this regard, the board cited a rule laid down by prior decisions of this Court to the effect that the appeal board has no authority to determine the merits of labor disputes. *Intertown Corporation* v. *Unemployment Compensation Commission,* 328 Mich 363; *Lawrence Baking Co.* v. *Unemployment Compensation Commission,* 308 Mich 198 (154 ALR 660).

In the *Lawrence Baking Case,* this Court said (p 208):

"As stated in said section 2, the basic purpose of the unemployment compensation law is to afford protection against the hazard of unemployment. The payment of unemployment benefits is not dependent upon the merits of a labor controversy, and we cannot establish a rule that in all instances an employee on strike is unemployed necessarily because of his own fault."

In the same case, the Court subsequently quoted with approval (p 212):

" 'It thus appears that the State seeks to be neutral in the labor dispute as far as practicable, and to grant benefits only in conformity to such neutrality.' "

Having relied upon these principles, however, the appeal board proceeded to adjudge the merits of this labor dispute by holding appellant guilty of misconduct.

In *Cassar, supra* (p 391), Justice Smith, writing in dissent, commented on the difficulty of pouring "a pancake having only one side." Here, we confront the same difficulty.

If appellant's conduct in relation to this strike is to be determined to be misconduct, then certainly prior to such judgment his justification therefor must be heard and judged. But this would directly involve the board in hearing and determining the merits of a labor dispute—and this the Court has specifically declared to be beyond the purpose of the act.

There is no need, and no statutory warrant, to involve the appeal board and the courts in such difficulties. The statute provides 2 alternative disqualification provisions possibly applicable to the present situation. The labor dispute disqualification is specific. The misconduct disqualification is more general.

The most ordinary rule of statutory construction demands application of the specific section, as opposed to the general section.

"It is an old and familiar principle, closely related to the rule that where an act contains special provisions they must be read as exceptions to a general provision in a separate earlier or subsequent act, that where there is in the same statute a specific provision, and also a general one which in its most comprehensive sense would include matters embraced in the former, the particular provision must control, and the general provision must be taken to

affect only such cases within its general language as are not within the provisions of the particular provision." 50 Am Jur, Statutes, § 367.

We would not be misunderstood at this point. We do not hold that a finding that a labor dispute exists necessarily excludes application of the misconduct penalty. What would be misconduct is not cured by the fact that it occurred in the course of a labor dispute.

What we deal with here, however, is peaceful cessation of work. Claimant's action is termed wrong because it was not in accordance with the terms of the contract concerned. The record discloses this to be true. And the record also shows that the contract penalty of discharge has been applied. We can find no warrant for adding to the contract penalty for breach still another penalty not squarely spelled out in the statute. See *T. R. Miller Mill Co., Inc.,* v. *Johns,* 261 Ala 615 (75 So2d 675).

Our concern with employment security cases does not apply solely to the claimant before us. In each such case, there may likewise be involved the fate of claimant's family, and the impact of his unemployment upon the butcher, the baker and the candlestick maker who supply his needs. The effect of mass unemployment upon society gave rise to this great social insurance statute. In one of this Court's first interpretations of it, we held that a liberal interpretation should be given to it:

"The purpose of the unemployment compensation act is to relieve the distress of economic insecurity due to unemployment. It was enacted in the interest of public welfare to provide for assistance to the unemployed and as such is entitled to a liberal interpretation." *Godsol* v. *Unemployment Compensation Commission,* 302 Mich 652, 665 (142 ALR 910).

We believe the terms of the statute we construe, and the principles of interpretation we have cited, suggest application of the specific labor dispute disqualification.

The identical issues posed by this case divided this Court not long ago. The appeal board, of course, relied upon the holding of the majority in *Cassar v. Employment Security Commission, supra.* For the reasons set out herein, and further spelled out in Mr. Justice SMITH's dissent in that case, we feel *Cassar* should be overruled.

Reversed and remanded for entry of an order of disqualification based upon the labor dispute section.

BLACK, VOELKER, and KAVANAGH, JJ., concurred with EDWARDS, J.

KELLY, J. (*dissenting*). Appellant was "discharged for misconduct connected with his work."* The fact that appellant was guilty of misconduct was not disputed by the union.

Appellant was guilty "of wanton or wilful disregard of the employer's interest" and a "deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee."†

The appeal board's finding that: "In our opinion the referee has properly found that the claimant's action constituted misconduct connected with his work," as sustained by the trial court, should be affirmed.

DETHMERS, C. J., and CARR, J., concurred with KELLY, J.

---

* See section 29 of the employment security statute (CLS 1956, § 421.29 [Stat Ann 1957 Cum Supp § 17.531]), as quoted in Justice EDWARDS' opinion.

† Quotations from Justice EDWARDS' accepted interpretation of the misconduct clause.

SMITH, J. (*concurring*). I concur in reversal and remand. My opinion respecting this problem will be found, dissenting, in *Cassar* v. *Employment Security Commission,* 343 Mich 380. The case before us is indistinguishable in legal principle, and I am not persuaded either to restrict or to amplify the views expressed therein.