BELL *v.* EMPLOYMENT SECURITY COMMISSION.

UNEMPLOYMENT COMPENSATION — MISCONDUCT CONNECTED WITH WORK—SLEEPING.

> Sleeping on the job by boiler tender constituted misconduct connected with his work when tested by standards of conduct reasonably applicable to the industrial task assigned, hence, such employee was disqualified from receiving unemployment compensation benefits for duration of his unemployment following discharge by employer for such misconduct (CLS 1956, § 421.29).

Appeal from Kent; Souter (Dale), J. Submitted January 12, 1960. (Docket No. 50, Calendar No. 48,393.) Decided June 6, 1960.

Ora H. Bell presented his claim against McInerney Spring & Wire Company, a Michigan corporation, for unemployment compensation following discharge for sleeping on job. Claim denied. On certiorari the decision of the appeal board of the Employment Security Commission was upheld. Plaintiff appeals. Affirmed.

*Marcus, Kelman, Loria, McCroskey & Finucan* (*William G. Reamon,* of counsel), for plaintiff.

*Harrington, Waer, Cary & Martin,* for defendant McInerney Spring & Wire Company.

---

REFERENCES FOR POINTS IN HEADNOTES

48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds § 38.

What amounts to "misconduct" which precludes benefits under unemployment compensation act to discharged employees. 146 ALR 243.

SMITH, J. This case involves a discharge for alleged misconduct. The claimant, appellant herein, applied to the McInerney Spring & Wire Company (hereinafter termed the employer) on October 21, 1957, for employment. At the time he was questioned by both the personnel director and the maintenance engineer respecting his physical condition. This was done because the position of fireman in the boiler room, for which he had applied and for which he was hired, was a position of unusual responsibility, carrying pay at a premium rate. The fact of the matter was that claimant had suffered "an acute heart attack" some years past. This he did not disclose, and, in response to the specific question on the employment application, "Have you any physical defects?" he answered "No." Moreover, because of his physical condition he was under the care of a physician and had been "given medicine for relaxation." This medicine, he admitted, had the effect of making him sleepy. On October 22, 1957, claimant commenced work as a fireman. Shortly thereafter, on November 1st, he was discharged for sleeping on the job. Subsequently claimant filed an application for benefits under the Michigan employment security act.* In a determination issued pursuant thereto he was advised as follows:

"You admit that you did doze on the job due to the nature of your job; such act of neglect on your part would endanger the safety of your employer's property and employees. As such your separation is held to be for reasons which constitute misconduct in connection with your work. Therefore you are disqualified under the provisions of section 29(1)(a) (2) of the act from 10/31/57 through the duration of your unemployment."

---

* CL 1948 and CLS 1956, § 421.1 *et seq.* (Stat Ann 1950 Rev and Stat Ann 1957 Cum Supp § 17.501 *et seq.*).

A redetermination was requested, resulting in a reversal of the original determination; it in turn was reversed by the referee. The matter then went before the appeal board of the Michigan employment security commission. This board, in affirming the referee, held in part as follows:

"The claimant, who was employed as a boiler tender, was discharged when he was found sleeping by a plant protection man. When the claimant was hired it was stressed that he must be alert and must not drink on the job. In our opinion the action of the claimant in sleeping on the job, especially in view of his duties, constituted misconduct connected with the work. We find the employer has fully met the burden of proof of establishing by a preponderance of the evidence that the claimant was discharged for misconduct connected with his work. It is accordingly our finding that the referee's decision holding that the claimant's separation was under disqualifying circumstances is in accord with and fully supported by the facts and law and cannot be disturbed."

The circuit court for the county of Kent affirmed the decision of the appeal board, and the matter is before us upon leave granted.

We consider first the assertion that claimant's failure to disclose "that he had a physical defect at the time of filing the employment application on October 21, 1957," did not constitute misconduct under section 29(1)(a)(2) of the Michigan employmen security act.* There is no need to pass on the question. Although the employer asserted at the referee's hearing both that claimant was discharged for "sleeping on the job during working hours" and that "it was a wilful neglect on the part of the claimant to misrepresent his physical abilities when he

---

* CLS 1956, § 421.29(1)(a)(2) (Stat Ann 1957 Cum Supp § 17.531 [1][a][2]).

sought to obtain a job," the alleged misrepresentation was not known at the time he was discharged. The discharge, as noted, was for sleeping on the job during working hours and the appeal board, *supra,* found that such sleeping on the job constituted "misconduct connected with his work." It is with this conduct that we are here concerned.

The main thrust of appellant's argument on appeal is that claimant's sleeping was not intentional and thus not misconduct. Reliance is placed upon a quotation from the majority opinion of this Court in *Cassar* v. *Employment Security Commission,* 343 Mich 380, 398, recently overruled in *Linski* v. *Employment Security Commission,* 358 Mich 239. Appellant construes the *Cassar Case* to require, for misconduct, "wrongful intent or evil design * * * which import an exercise of the will." The minority opinion in *Cassar, supra,* however, not relied upon by appellant, rejected the application of a moral criterion to this situation, holding that misconduct, as that term was used in the act, required "a breach of those standards of conduct reasonably applicable to the industrial task assigned, rather than of those standards of ethics and morals applicable to mankind in general." *Id.* at p 389.

Tested by either criterion, however, claimant's position is equally untenable. We may concede that no man in his right mind would "intend" to fall asleep while on duty in a boiler room. But also we must hold that a man intends the normal consequences of his acts. He cannot deliberately stop eating, as in the device of the so-called hunger strike, and assert that he did not intend to go hungry, nor can he take sleeping pills or other sedatives and urge that he did not intend to go to sleep. Moreover, tested by the "standards of conduct reasonably applicable to the industrial task assigned" claimant's position is no better. The job for which

he was hired was one of great responsibility. The results of a boiler explosion, either to him, as he dozed nearby, or to his fellow workmen, or to the plant itself, we need not describe. Judged by any criterion his act was "misconduct connected with his work."\*

Affirmed. The case involving the interpretation and application of statutory provisions of general interest, no costs are allowed.

Edwards, Kavanagh, and Souris, JJ., concurred with Smith, J.

Black, J. (*concurring*).   The less written in the course of today's deluge—of unemployment compensation appeals—the better for precedent guidance of those whose task it is to read and construe our overladen and now turbid writings in this field of administrative law (See comment, *Miller* v. *F. W. Woolworth Company*, 359 Mich 342). Here fact and finding disclose without dispute that this claimant slept at his post of vigil, without seeking substitutionary aid, despite the premonitory warnings and symptoms of nature. Such fact and finding amply support the appeal board's determination of statutory misconduct, and so the judicial function is exhausted.

Claimant knew, when he sought and was given the position of fireman in the employer's boiler room, that his primary responsibility was that of plant and employee safety, for which he was to be paid and did receive a "premium rate on that job." If sleep-

---

\* Section 29 of the act provides:

"(1) An individual shall be disqualified for benefits:

"(a) For the duration of his unemployment in all cases where the individual \* \* \* (2) has been discharged for misconduct connected with his work or for intoxication while at work." (CLS 1956, § 421.29 [Stat Ann 1959 Cum Supp § 17.531].)

ing on picket duty during wartime warrants death before a firing squad, surely the fact of going to sleep at a post like this warrants the presently quoted administrative finding and decision upon that finding.

This Court meddles too much in the administrative process—and so breeds unfounded as well as costly litigation—each time it fails to limit the judicial function to a determination whether there is "a rational basis for the conclusions approved by the administrative body." Thus I adhere to the separate comments appearing in *Miller, supra,* and in *Peaden* v. *Employment Security Commission,* 355 Mich 613, 629, 631, and vote now for affirmance on ground that the evidentiary record fully justified the appeal board's conclusion that "the action of the claimant in sleeping on the job, especially in view of his duties, constituted misconduct connected with the work."

We should affirm summarily, as Judge Souter did, on such restricted ground.

CARR, J. (*concurring*). I am in accord with Justice SMITH's conclusion that under the facts established by the record before us plaintiff is not entitled to benefits under the Michigan employment security act. The conclusion of the appeal board that he was properly discharged for misconduct connected with his work is supported by the proofs. Such finding was not repugnant to the great weight of the evidence and the circuit judge was correct in so holding.

Bearing in mind the nature of his employment plaintiff's conduct in permitting himself to sleep or doze while on the job was negligence of such nature as not only to endanger the safety of the employer's property but, likewise, the safety of other employees. He must have realized that it was his duty to be alert. If his physical condition was such as to interfere with the observance of such duty, he

should have informed the employer accordingly at the time he was hired. Failure to do so must be regarded as negligence on his part and, likewise, the concealment of a material fact that might properly have prevented his being assigned to employment in the boiler room of the employer's establishment.

As Justice SMITH has noted, counsel for appellant relies on language found in 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds, § 38, pp 541, 542, as follows:

"Misconduct within the meaning of an unemployment compensation act excluding from its benefits an employee discharged for misconduct must be an act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer."

The above language was quoted in *Cassar* v. *Employment Security Commission,* 343 Mich 380, 405. Apparently counsel would emphasize the initial clauses of the excerpt quoted to the exclusion of other statements found therein. The writer of the text obviously sought to cover various decisions of the courts indicating the nature of conduct on the part of an employee that may be regarded as "misconduct." In the case at bar there was clearly "intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer."

*Cassar* v. *Employment Security Commission, supra,* involved a factual situation of different nature than that in the case at bar. For that reason the decision may not be regarded as in point, and

like comment may be made with reference to *Linski v. Employment Security Commission*, 358 Mich 239. Each case of this nature must be determined in accordance with the facts involved.

DETHMERS, C. J., and KELLY, J., concurred with CARR, J.