SABER v. CAPITOL REPRODUCTIONS, INC.

1. ADMINISTRATIVE LAW—JUDICIAL REVIEW—FACTUAL FINDINGS OF ADMINISTRATIVE TRIBUNALS.

The general scope of judicial review of factual findings of administrative tribunals is that the Court of Appeals will not substitute its judgment on the facts for that of the fact-finding tribunal.

2. UNEMPLOYMENT COMPENSATION—EMPLOYMENT SECURITY APPEAL BOARD—ADMINISTRATIVE LAW.

The decision of the Employment Security Appeal Board will be overturned only when it is contrary to law or not supported by competent, material and substantial evidence on the whole record (MCLA § 421.38).

3. UNEMPLOYMENT COMPENSATION—EMPLOYMENT SECURITY ACT— CIRCUIT COURT—JUDICIAL REVIEW—JURY.

The Employment Security Act provides that the circuit court only reviews the questions of fact and law on the record made before the referee and the appeal board and there is no provision for a jury trial in the circuit court on the appeal (MCLA § 421.38).

Appeal from Wayne, Joseph A. Moynihan, J. Submitted Division 1 October 7, 1970, at Detroit. (Docket No. 7934.) Decided December 4, 1970.

John C. Saber presented his claim for unemployment benefits against his employer, Capitol Reproductions, Inc. Benefits denied by the Employment

REFERENCES FOR POINTS IN HEADNOTES

[1] 2 Am Jur 2d, Administrative Law § 610 et seq.
[2, 3] 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds §§ 46, 49.

Security Commission and the Employment Security Appeal Board. Plaintiff appealed to Wayne Circuit Court. Affirmed. Plaintiff appeals. Affirmed.

*John C. Saber, in propria persona.*

*Sebastian A. Buffa,* for defendant Capitol Reproductions, Inc.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *R. J. Eisenberg,* Assistant Attorney General, for defendant Employment Security Commission.

Before: LESINSKI, C. J., and BRONSON and ENGEL,[*] JJ.

PER CURIAM. Plaintiff was employed by Capitol Reproductions, Inc., in the aerial survey department as a cartographic draftsman, from December 26, 1967, until June 27, 1968. On that date plaintiff claims he was fired without good cause, while defendant employer claims that he quit voluntarily.

On July 2, 1968, plaintiff filed a claim with the Michigan Employment Security Commission for unemployment benefits under the Michigan Employment Security Act, MCLA § 421.1, *et seq.* (Stat Ann 1968 Rev § 17.501, *et seq.*). The commission determined that plaintiff had left work voluntarily without good cause attributable to the employer and was therefore disqualified for benefits under § 29(1)(a) of the act, MCLA § 421.29(1)(a) (Stat Ann 1968 Rev § 17.531[1][a]). After a redetermination by the commission affirming its earlier determination, claimant appealed to a referee and a full

---

[*] Circuit judge, sitting on the Court of Appeals by assignment.

evidentiary hearing was held before a referee on September 17, 1968. This resulted in a further affirmance of the commission's redetermination which in turn was affirmed on April 21, 1969, by the Michigan Employment Security Appeal Board. Plaintiff thereupon commenced proceedings under § 38 of the act for review before the Wayne County Circuit Court which on July 18, 1968, affirmed the decision of the appeal board.

The present appeal raises two questions: whether the decision of the appeal board was supported by competent, material and substantial evidence and whether plaintiff was entitled to a jury trial in circuit court.

The testimony was conflicting but there was testimony to support the finding of fact by the referee. The general scope of judicial review of factual findings of administrative tribunals is that the court on appeal will not substitute its judgment on the facts for that of the fact-finding tribunal. *Knight-Morley Corporation* v. *Employment Security Commission* (1957), 350 Mich 397; *Bedwell* v. *Employment Security Commission* (1962), 367 Mich 415; *Dynamic Manufacturers, Inc.* v. *Employment Security Commission* (1963), 369 Mich 556. The decision of the appeal board will be overturned only when it is contrary to law or not supported by competent, material and substantial evidence on the whole record. MCLA § 421.38 (Stat Ann 1968 Rev § 17.540); *Linski* v. *Employment Security Commission* (1959), 358 Mich 239; *Peaden* v. *Employment Security Commission* (1959), 355 Mich 613. The evidence in this case supports the decision of the referee appeal board.

There is no provision for a jury trial in circuit court on this appeal as the statute provides only for review of questions of fact and law on the rec-

ord made before the referee and the appeal board. MCLA § 421.38 (Stat Ann 1968 Rev § 17.540). Further, this appeal is a cause of action unknown at common law, being of statutory origin. The lower court was correct in denying plaintiff's request for a jury trial. *Conservation Department* v. *Brown* (1952), 335 Mich 343.

Affirmed. Costs to defendants.