Melvin Ragland, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 4, 1981, before Judges MENCER, ROGERS and MacPHAIL, sitting as a panel of three.

*Andrew F. Erba,* for petitioner.

*Francine Ostrovsky,* Assistant Attorney General, with her, *Richard Wagner,* Chief Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE MacPHAIL, April 29, 1981:

Melvin Ragland was a probationary employee performing the duties of Maintenance Supervisor. Prior to the termination of his probationary period, Claimant was discharged after his superior accused him of sleeping on the job. The record indicates that this was the last incident in a series of problems which included lateness and absenteeism and which led his employer to conclude that Claimant was going "progressively downhill." Company regulations of which the Claimant was aware provide that any violation of company regulations during the probationary period constitutes grounds for dismissal.

At the hearing before the referee, the Claimant denied that he was sleeping. The employer presented the witness who saw the Claimant when he was alleged to be sleeping. The referee and the Board found the

testimony presented by the employer to be more credible than that offered by the Claimant. This Court has held that sleeping on the job is prima facie an act of willful misconduct, for it falls within either "wanton and wilful disregard of the employer's interest," or "disregard of standards of behavior which an employer can rightfully expect." *Unemployment Compensation Board of Review, v. Simone,* 24 Pa. Commonwealth Ct. 248, 355 A.2d 614 (1976). Once a prima facie case is set forth, the burden of proof shifts to the employee to prove that, under the facts of the *particular case,* sleeping on the job does not constitute willful misconduct. *Simone, supra.* The Board is the fact-finder. *Lake v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 138, 409 A.2d 126 (1979). The Board resolved the conflict in testimony in favor of the employer and found that the Claimant failed to meet his burden of showing that his conduct did not constitute willful misconduct. The Board then denied benefits to the Claimant under the provisions of Section 402(e) of the Unemployment Compensation Law[1] which provides that an employee who is discharged for willful misconduct connected with his work is disqualified from receiving benefits.

The Board also found that the Claimant falsified his time card. Again the Board rejected Claimant's explanation for this misconduct and again we say that this was within the Board's province.

Our discussion thus far disposes of the first issue presented to us by the Claimant, i.e., did the employer meet its burden of proving willful misconduct? The only other issue presented to us is whether the Board erred when it did not conclude that Claimant was discharged for poor job performance rather than willful

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2987, *as amended,* 43 P.S. §802(e).

misconduct. The Board conceded at oral argument that its finding that Claimant was discharged for violation of company regulations was in error because the Board now says it is clear that Claimant was discharged for deteriorating work performance. Notwithstanding this concession, our review of the record satisfies us that the Board's original finding was not erroneous. The testimony of the employer's witness[2] satisfies us that Claimant was discharged for violating company regulations and that his lack of attentiveness to the job and deteriorating job performance were "noted" and "taken into account" but nothing more.

Order affirmed.

## ORDER

AND Now, this 29th day of April, 1981, the order of the Unemployment Compensation Board of Review, dated January 2, 1980, denying benefits to Melvin Ragland is hereby affirmed.

Judge WILKINSON. JR. did not participate in the decision in this case.

## AMENDED ORDER

AND Now, this 11th day of May, 1981, it having been brought to our attention that at the end of our Order in this matter of April 29, 1981, we inadvertent-

---

[2] The morning that the decision was made to terminate Mr. Ragland, it was done in the context of prior latenesses, and absentee [sic] within his probationary period to the point where we addressed ourself to sleeping. It is *noted* that his attentiveness towards the job over the period that he was there [sic] progressively went downhill. (Emphasis added.)
Record at 6.

    As the time progressed into the second and third week, I noted a deterioration in his performance. *That was taken into account as a part of the reason for the termination.* (Emphasis added.)
Record at 14.

ly used the date January 2, 1980 instead of the proper date of January 21, 1980; it is ordered that our said Order shall be and it is hereby amended to effect said correction and so that it shall be and read as follows:

AND Now, this 29th day of April, 1981, the order of the Unemployment Compensation Board of Review, dated January 21, 1980, denying benefits to Melvin Ragland is hereby affirmed.