James Biggs, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 4, 1982, before President Judge CRUMLISH, JR. and Judges ROGERS and BLATT, sitting as a panel of three.

*Germaine Ingrim,* for petitioner.

*John Kupchinsky,* Associate Counsel, with him *Steven J. Neary,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., April 14, 1982:

James Biggs appeals from an Unemployment Compensation Board of Review (Board) order denying benefits. We affirm.

Biggs was found sleeping on the job by his foreman and was discharged. Biggs' excuse was illness, although he had failed to so advise his supervisors. The employer had no specific rules regarding sleeping on the job. The Board affirmed the referee's holding of the willful misconduct.[1]

Where the burdened party[2] prevailed below, our scope of review is limited to legal questions and a determination of whether or not the Board's findings are supported by substantial evidence. *Maxwell v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 604, 605, 423 A.2d 430, 431 (1980).

Willful misconduct, we have said, is an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disre-

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937), *as amended,* 43 P.S. §802(e), provides that an employee shall be ineligible for benefits for any work week "[i]n which his unemployment is due to his discharge . . . for willful misconduct connected with his work."

[2] The burden of proving willful misconduct is on the employer, *Southeastern Pennsylvania Transportation Authority v. Unemployment Compensation Board of Review,* 55 Pa. Commonwealth Ct. 10, 11, 422 A.2d 905, 906 (1980).

gard of the behavioral standards which the employer has a right to expect of an employee, or negligence indicating an intentional disregard of the employer's interests or of the employee's duties and obligations to the employer. *Sisack v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 366, 367 n. 1, 421 A.2d 512 n. 1 (1980); and sleeping on the job "is prima facie an act of willful misconduct, for it falls within either 'wanton and willful disregard of the employer's interest,' or 'disregard of standards of behavior which an employer can rightfully expect.' " *Regland v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 48, 50, 428 A.2d 1019, 1020 (1981). Only if there is justifiable or reasonable cause under the circumstances would the willful misconduct taint be purged. *See McLean v. Unemployment Compensation Board of Review,* 476 Pa. 617, 620, 383 A.2d 533, 535 (1978). The burden, however, of establishing good cause is on the employee. *Holomshek v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 503, 505, 395 A.2d 708, 709 (1979).

Both the Board and the referee here were unpersuaded by Biggs' testimony that his dozing was justified. The witnesses' credibility and the weight to be accorded to their testimony is for the unemployment compensation authorities to determine. *Caterina v. Unemployment Compensation Board of Review,* 43 Pa. Commonwealth Ct. 19, 21, 401 A.2d 852, 853 (1979). The authorities may reject any competent testimony, even if uncontradicted, *Stockdill v. Unemployment Compensation Board of Review,* 28 Pa. Commonwealth Ct. 516, 520, 368 A.2d 1341, 1343 (1977), and their fact findings, if supported by substantial evidence, are conclusive on appeal. *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 355, 378 A.2d 829, 831 (1977).

120

We also reject Biggs' contention that, the employer not having an established rule against sleeping on the job[3] and this being his first peccadillo,[4] his behavior did not amount to willful misconduct.

Affirmed.

ORDER

The decision of the Unemployment Compensation Board of Review, No. B-81-1-R-58, dated April 2, 1982, is affirmed.

[3] An employer need not have an established rule where the behavorial standard is obvious and the employee's conduct is so inimical to the employer's best interests that discharge is a natural result. See *Spare v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 570, 574, 432 A.2d 283, 285 (1981).

[4] In *Jones v. Unemployment Compensation Board of Review*, 30 Pa. Commonwealth Ct. 301, 304, 373 A.2d 791, 792 (1977), we held that a single incident of misconduct may support a denial of benefits.

AMENDING ORDER

AND Now, April 19, 1982, the Order dated April 14, 1982, in the above captioned case is hereby amended to read as follows:

The decision of the Unemployment Compensation Board of Review, No. B-81-1-R-58, dated April 2, 1981, is affirmed.