627 So.2d 545 (1993)
Maurice A. PAUL, Appellant,
v.
JABIL CIRCUIT COMPANY and Florida Unemployment Appeals Commission, Appellees.
No. 92-04549.
District Court of Appeal of Florida, Second District.
November 17, 1993.
George J.F. Werner, Clearwater, for appellant.
William T. Moore of Unemployment Appeals Com'n, Tallahassee, for appellee Com'n.
ALTENBERND, Judge.
Maurice A. Paul appeals an order of the Unemployment Appeals Commission that denied his claim for benefits on the theory that he was discharged due to misconduct. The Commission's order reversed the decision of the appeals referee. We reverse the Commission's order because competent substantial evidence established that Mr. Paul had fallen asleep on the job on only one brief occasion. The Commission was not authorized to override the referee's findings of fact on this issue and could not, as a conclusion of law, determine that this isolated occurrence was misconduct.
Jabil Circuit Company did not appear for the hearing before the appeals referee. As a result, the only evidence presented at that hearing was the testimony of Mr. Paul and the exhibits he introduced. That evidence established that Mr. Paul worked as a full-time security guard at Jabil Circuit Company in St. Petersburg. He worked on a rotating schedule, including both day and night shifts, in excess of forty hours each week. Twice each week, he worked twelve-hour shifts. His duties included monitoring closed circuit surveillance of the activities in Jabil's plant while sitting in a five- by seven-foot, windowless room. Mr. Paul was required to remain in this room for his entire shift, including meals, leaving only briefly to go to the restroom or to get a drink. On June 30, 1992, Mr. Paul "nodded-off" for a few minutes and was discovered by his supervisor. This single *546 incident resulted in Mr. Paul's termination. Jabil's policy handbook for employees provided that sleeping on the job was a serious offense, but not one that would usually result in termination on the first occasion.
In reversing the decision of the appeals referee, the Commission did not disturb the findings of fact. It was primarily concerned with the referee's reliance on the policy manual as a basis to determine whether the incident constituted misconduct. The Commission decided that the referee should not have relied on that evidence.
We do not need to decide whether the referee was authorized to rely upon the policy manual as evidence in determining that this single sleeping episode was insufficient to establish misconduct. Without regard to the manual, it is well-established that an isolated act of negligence is rarely of such a degree "to manifest the culpability, wrongful intent, or evil design" sufficient to prove misconduct as defined in section 443.036(26), Florida Statutes (1991). See Seger v. Danner Constr. Co., 611 So.2d 82 (Fla. 2d DCA 1992); Nelson v. Burdines, Inc., 611 So.2d 1329 (Fla. 3d DCA 1993). The evidence in this record does not support such a conclusion in this case.
The appeals referee properly placed the burden of proving misconduct on the employer. Rogers v. Florida Unemployment Appeals Comm'n, 597 So.2d 382 (Fla. 2d DCA 1992); Sears, Roebuck & Co. v. Florida Unemployment Appeals Comm'n, 463 So.2d 465 (Fla. 2d DCA 1985). If Jabil had proven that Mr. Paul intentionally took a nap on this one occasion or that he repeatedly fell asleep on the job, we might well agree with the dissent. Jabil failed to meet this burden. Accordingly, the Commission's decision is reversed, and the cause remanded with directions to reinstate the order of the appeals referee.
Reversed and remanded with directions.
PATTERSON, J., concurs.
SCHOONOVER, A.C.J., dissents with opinion.
SCHOONOVER, Acting Chief Judge, dissenting.
I would affirm the Commission's determination that the claimant was ineligible for unemployment benefits and, accordingly, respectfully dissent from the majority opinion.
I agree with the statement contained in the majority opinion that an isolated act of negligence is rarely of such a degree that it manifests the culpability, wrongful intent, or evil design sufficient to prove misconduct as defined in section 443.036(26), Florida Statutes (1991). The claimant's action in this case, however, was not merely a case of negligence or bad judgment, but rather a direct violation of company policy. See Ford v. Southeast Atlantic Corp., 588 So.2d 1039 (Fla. 1st DCA 1991). See also Gunther v. Barnett Banks, Inc., 598 So.2d 243 (Fla. 2d DCA 1992) (isolated incident of bad judgment not misconduct where employee did not disobey a direct order or specific rule or policy of employer). In this case, the employer had a specific rule prohibiting sleeping on the job. Repeated acts in direct violation of company policy are not necessary to constitute misconduct within the meaning of the unemployment compensation statute. Ford.
The majority's reference to section 443.036(26)(a)(b) does not contain the entire definition of misconduct. This section provides:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
The claimant's conduct in this case supported a conclusion that he committed misconduct under both subsections (a) and (b).
When the claimant filed his claim for benefits, he listed the reason for his unemployment as "had trouble staying awake on the midnight night shift." During the hearing *547 before the appeals referee, the claimant testified that he nodded off momentarily but stated it was not for the full eight hours. He also testified that his employer had a rule which prohibited him from sleeping on the job. The employer's policy book, which was introduced into evidence, described sleeping on the job as a serious/major offense and that punishment for a major offense would be termination.[1]
The Commission, in reversing the appeals referee, concluded that because the claimant admitted violating a known, reasonable policy of his employer by sleeping during his shift, he disregarded his duties and obligations to the employer and this conduct amounted to misconduct. I agree.
An agency's interpretation of a statute which the legislature has charged it with administering is accorded great weight and should not be overturned unless its interpretation is clearly erroneous. See State ex rel. Biscayne Kennel Club v. Bd. of Business Regulation, 276 So.2d 823 (Fla. 1973); Cargill, Inc. v. Hill, 503 So.2d 1340 (Fla. 1st DCA 1987). Everyone apparently agrees that the evidence established that the claimant fell asleep on the job on one occasion and that the hearing officer so found. While an agency may not reject a hearing officer's findings of fact, it may, as it did in this case, reject his conclusions of law. Maynard v. Florida Unemployment Appeals Comm'n, 609 So.2d 143 (Fla. 4th DCA 1992).
Therefore, the issue before us is whether this single incident constituted misconduct as a matter of law, and as mentioned above, I believe the claimant's conduct constituted misconduct under both subsections (a) and (b).
In Biggs v. Unemployment Compensation Bd. of Review, 66 Pa.Cmwlth. 117, 443 A.2d 1204 (1982), the court held that a claimant's act of sleeping on the job showed that he engaged in "willful misconduct" disqualifying him from unemployment benefits. The court defined willful misconduct as
[A]n act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of the behavioral standards which the employer has a right to expect of an employee, or negligence indicating an intentional disregard of the employer's interests or of the employee's duties and obligations to the employer.
443 A.2d at 1205. The court in Biggs concluded that sleeping on the job "is prima facie an act of willful misconduct, for it falls within either `wanton and willful disregard of the employer's interest,' or `disregard of standards of behavior which an employer can rightfully expect.'" 443 A.2d at 1205, citing Ragland v. Unemployment Compensation Bd. of Review, 59 Pa.Cmwlth. 48, 428 A.2d 1019, 1020 (1981). The court rejected the claimant's contentions that his action was not misconduct because it was his first incident and the employer did not have an established rule against sleeping on the job.
Section 443.036(26)(a) provides that misconduct includes conduct evincing such willful or wanton disregard of an employer's interests in deliberate violation or disregard of standards of behavior an employer has the right to expect. Here, the employer had the right to expect the claimant to stay awake on his job which primarily involved staying awake to provide security. When the claimant fell asleep he showed a willful disregard of the employer's interests. Biggs. See also Johnson v. Unemployment Compensation Bd. of Review, 54 Pa.Cmwlth. 220, 420 A.2d 794 (1980) (in addition to violating an express work rule sleeping on the job constituted a wanton or willful disregard of standards of behavior employer has a right to expect).
Section 443.036(26)(b) defines misconduct as including carelessness or negligence of such a degree or recurrence as to show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations. Thus, a recurrence is not required if the act is of such a degree to show the intentional and substantial disregard of the employer's interest or of the employee's duties and obligations. Here, the *548 claimant's sole and primary duty was to stay alert and monitor the employer's security system. Failing to perform the only task one is hired to perform demonstrates an intentional and substantial disregard of the employee's duties and obligations to his employer.
In Bell v. Appeal Bd. of Michigan Employment Sec. Comm'n, 359 Mich. 649, 103 N.W.2d 584 (1960), the claimant was hired to work in a boiler room and was informed that he must stay alert. The Michigan Supreme Court held that the claimant's action of sleeping on the job on only one occasion, especially in view of his duties, constituted misconduct. In Bell, the claimant argued that he did not intentionally fall asleep, and therefore, his action was not misconduct. The court disagreed and stated that no one would intend to fall asleep while on duty in a boiler room but that a man intends the normal consequences of his acts.
Although the majority opinion emphasizes that the carelessness or negligence must be of such a degree "to manifest culpability, wrongful intent, or evil design," subsection (b) continues by stating "or to show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to his employer." § 443.036(26)(b). Accordingly, while the claimant's conduct may not have manifested wrongful intent or evil design, it did show an intentional and substantial disregard of both the employer's interest and the employee's duties and obligations. See Bell, 103 N.W.2d at 587 (Carr, J., Concurring).
While I agree with the majority that the employer has the burden of proof and that the employer in this case did not appear at the hearing, the burden to establish misconduct can be satisfied when, as here, the claimant testifies that he violated a known policy of the employer. See Sears, Roebuck & Co. v. Florida Unemployment Appeals Comm'n, 463 So.2d 465 (Fla. 2d DCA 1985).
Based upon the above discussion, I would affirm.
NOTES
[1] Although not necessary to the determination of this case, since the claimant's job required him to stay alert for security reasons, I would find the offense was major. It appears that sleeping on the job could be classified as either serious or major depending on the particular circumstance.