598 So.2d 243 (1992)
Foster GUNTHER, Appellant,
v.
BARNETT BANKS, INC., and Florida Unemployment Appeals Commission, Appellees.
No. 91-03136.
District Court of Appeal of Florida, Second District.
May 8, 1992.
*244 M. Lisa Carlton of Nelson, Hesse, Cyril, Smith, Widman, Herb, Causey & Dooley, Sarasota, for appellant.
John D. Maher, Tallahassee, for Florida Unemployment Appeals Comm'n.
PARKER, Judge.
Foster Gunther appeals the denial of his claim for unemployment benefits. We reverse because the record does not support the conclusion that the employer discharged Gunther for misconduct.
Gunther was a security officer for six years with Barnett Bank. In 1991 the employer distributed a new security survey form to Gunther for completion on forty-three of Barnett's branch offices.[1] The employer gave Gunther no specific instructions on how to complete the form except that he had ninety days to finish the task.[2] Gunther completed the form for the Longboat Key branch office from his knowledge of the bank and from information he received from a teller whom he had telephoned regarding another matter. The teller used an anonymous hot line to report that Gunther completed the survey by phone instead of by personal inspection. Even though the complaint was anonymous, Gunther knew who had reported him because Gunther had completed only the Longboat Key branch survey by telephone. When a superior confronted him, Gunther immediately went to the Longboat Key branch and personally inspected the bank and completed the required form. Gunther also contacted the teller and asked her if she had a problem with what he had done. The employer terminated Gunther's employment.
Gunther filed a claim for unemployment benefits, which the claims examiner denied. Gunther appealed the decision. An appeals referee held a hearing whereat Gunther was the only witness. The appeals referee found that Gunther was discharged because he failed to perform properly his required duties and because he confronted the employee who complained about him to Gunther's superior. The Unemployment Appeals Commission affirmed the referee's decision.
First, we observe that the finding that Gunther was fired, in part, because he confronted the employee is not supported by the evidence. Although Gunther testified that the bank president was upset with him for complaining to the teller, Gunther never testified that the employer fired him for that conduct. The employer did not appear at the hearing and, therefore, presented no evidence. The record does contain two hearsay documents, a fact-finding statement and a memorandum prepared by the employer. Even if these documents could be considered under section 120.58(1)(a), Florida Statutes (1989) as explaining or supplementing other evidence, the documents do not support the referee's finding. The fact-finding statement completed by the agency's employee who contacted Don Minor, the regional human resource officer for Barnett, stated that the employer fired Gunther for his "failure to properly survey the safety and soundness of an office." The form then asked the following: "What specific rules or policies did the claimant violate?" The answer was *245 "negligence." The memorandum which the employer wrote stated the following: "After review of the circumstances, it was decided that the failure of Foster Gunther to properly survey the safety and soundness of one office was in fact negligence which could have exposed the company to considerable liability." Thus, there is no evidence that the employer discharged Gunther for confronting the teller.
Our inquiry must be whether Gunther's failure to inspect personally the Longboat Key branch office for completion of the survey form constituted misconduct. Misconduct is a "willful or wanton disregard for an employer's interests" or "carelessness or negligence of such a degree ... as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests." § 443.036(26), Fla. Stat. (1989). The employer has the burden of establishing the employee's misconduct. Sears, Roebuck & Co. v. Florida Unemployment Appeals Comm'n, 463 So.2d 465 (Fla. 2d DCA 1985). Viewed as a whole, we think Gunther's actions did not constitute misconduct. When the employer discussed the matter with Gunther, Gunther never denied what he did. Further, he made the personal visit to the branch that same day without the employer instructing him to do so. Gunther did not disobey any direct order or specific rule or policy of the employer. Gunther had completed all of the other survey forms properly. This act was an isolated incident in that the record showed no other misdeed on the part of Gunther during his six years of employment with Barnett. Gunther's conduct, at most, was bad judgment. Bad judgment, however, does not constitute misconduct within the meaning of the unemployment compensation law. Davis v. Florida Unemployment Appeals Comm'n, 472 So.2d 800 (Fla. 3d DCA 1985). Further, this statute must be construed liberally in favor of the employee. Shacklett v. State of Florida, Unemployment Appeals Comm'n, 460 So.2d 557 (Fla. 2d DCA 1984).
We reverse and remand this case with directions to the Unemployment Appeals Commission to award Gunther unemployment benefits.
DANAHY, A.C.J., and THREADGILL, J., concur.
NOTES
[1] Gunther had inspected branch offices for years using a more complex survey form. This new form simplified the survey.
[2] Gunther admitted that he knew that he should visit the branches to obtain the information which the form required.