CAMPBELL, Acting Chief Judge.
Claimant challenges the order of the Unemployment Appeals Commission (U.A.C.) reversing the findings of the appeals referee and denying her unemployment compensation benefits. We agree that the U.A.C. erred in concluding that claimant committed misconduct within the meaning of section 448.036(26), Florida Statutes (1995), and reverse.
Claimant was selected to participate in a company-sponsored trip for employees who had made significant contributions to the employer’s customers. In the past, the company policy specified that the trip was only for employees. In 1995, however, the company allowed spouses to accompany employees on the trip. Since the trip required air travel, claimant requested that her boyMend be allowed to accompany her on the trip, which the employer denied. Although she did not express it to the employer, claimant had been experiencing panic attacks related to flying and wanted her Mend to go with her for support. Despite the employer’s denial of her request, claimant allowed her boyMend to travel at his expense with her on the commercial flight. Based upon these facts, the appeals referee found claimant qualified for benefits. The U.A.C. disagreed and reversed.
The burden is on an employer to show misconduct. See Nading v. Sanibel Packing Co., Inc., 658 So.2d 1155 (Fla. 2d DCA 1995); Paul v. Jabil Circuit Co., 627 So.2d 545 (Fla. 2d DCA 1993). In determining whether misconduct has occurred which would disqualify a claimant from receiving unemployment benefits, the statute should be liberally construed in favor of the claimant. See Gulf County School Bd. v. Washington, 567 So.2d 420 (Fla.1990); Livingston v. Tucker Constr. & Eng’g, Inc., 656 So.2d 499 (Fla. 2d DCA 1995); Doyle v. Florida Unemployment Appeals Comm’n, 635 So.2d 1028 (Fla. 2d DCA 1994); Hummer v. Unemployment Appeals Comm’n, 573 So.2d 135 (Fla. 5th DCA 1991).
We are unable to agree with the conclusion of the U.A.C. that claimant’s conduct was in willful or wanton disregard of her employer’s interests and therefore constituted misconduct connected with her work within the meaning of the statute. The employer presented no evidence to indicate that claimant’s boyMend participated in or interfered with claimant’s participation in the company’s group activities. Neither was the employer required to expend any funds on his behalf. Accordingly, the decision of the U.A.C. is reversed and this case is remanded with directions to reinstate the order of the appeals referee.
LAZZARA and WHATLEY, JJ., concur.