692 So.2d 945 (1997)
Sandra L. ANDINO, Appellant,
v.
LANTANA PARTNERS, LTD. and Florida Unemployment Appeals Commission, Appellees.
No. 96-01420.
District Court of Appeal of Florida, Second District.
April 11, 1997.
*946 Thomas G. Difiore, Tampa, for Appellant.
William T. Moore, Tallahassee, for Appellee Unemployment Appeals Commission.
FRANK, Judge.
Sandra L. Andino worked at Hill Haven Rehabilitation Center, a nursing home operated by Lantana Partners, Ltd., for a short period. She was hired to perform admissions work with responsibilities including typing, filing, and answering the telephone during her 5:00 p.m. to 9:00 p.m. shift. Upon the commencement of her employment, another person assisted in answering the phones. At a later time, however, that person was terminated leaving Ms. Andino to answer all of the telephone calls. Because Ms. Andino found herself incapable of performing the additional duties, she quit. Lantana challenged her application for unemployment benefits, and after a hearing the referee ruled that it had materially breached its contract with Ms. Andino by making a significant unilateral change in her job requirements. Ms. Andino was awarded benefits. Lantana appealed to the Unemployment Appeals Commission. That body reversed the referee and held that Ms. Andino was not entitled to benefits. In our judgment, the UAC impermissibly reweighed the evidence before it; we reverse and remand for the reinstatement of Ms. Andino's benefits.
The determination of whether an employee has left employment voluntarily for cause attributable to the employer is a question of fact. Carey McAnally & Co., Inc. v. Woodring, 629 So.2d 301 (Fla. 2d DCA 1993). The referee, after considering all of the evidence and judging the credibility of the witnesses who were heard and observed during the hearing, found that the additional telephone duties were a substantial change in Ms. Andino's contract of employment. Ms. Andino's complaints that the extra work prevented her from doing the job for which she was hired were unavailing. Because this was an oral contract situation, the referee was in a superior position to judge whether the added duties were significant. The UAC overstepped its bounds in failing to uphold the referee's decision, which was supported by competent, substantial evidence. See Stahl v. Florida Unemployment Appeals Comm'n, 502 So.2d 78 (Fla. 3d DCA 1987).
Reversed and remanded.
DANAHY, A.C.J., and NORTHCUTT, J., concur.