693 So.2d 712 (1997)
James R. EASTON, Appellant,
v.
STATE of Florida UNEMPLOYMENT APPEALS COMMISSION and Turnberry Country Club, Appellees.
No. 96-1145.
District Court of Appeal of Florida, Fourth District.
May 21, 1997.
*713 Diane H. Tutt of Diane H. Tutt, P.A., Plantation, for Appellant.
William T. Moore, Tallahassee for Appellee State of Florida Unemployment Appeals Commission.
PER CURIAM.
James Easton appeals a final order disqualifying him from receiving unemployment benefits due to misconduct connected with work. We reverse.
In March, 1994, Easton began employment as a security officer at Turnberry Country Club. On October 1, 1995, a manager saw Easton pour himself a glass of grapefruit juice in the room service area, contrary to the employer's zero tolerance policy against employees helping themselves to beverages anywhere but in the employee cafeteria. When confronted by the manager, Easton did not drink the juice and poured it back into the container. Easton had been working outside, was thirsty, and believed that the hotel water supply was contaminated due to recent heavy rain. Turnberry discharged Easton for unauthorized consumption of company beverages. The denial of Easton's claim for unemployment benefits was affirmed by the Unemployment Appeals Commission.
An employee may be denied benefits under section 443.101(1), Florida Statutes (1995), for misconduct connected with work. In determining what constitutes misconduct that would disqualify a claimant from receiving unemployment benefits, courts are to construe the statute narrowly in favor of the claimant. E.g., Hummer v. Florida Unemployment Appeals Comm'n, 573 So.2d 135 (Fla. 5th DCA 1991).
Following this approach, we find that this case involves a single act of poor judgment that was not sufficient to disqualify Easton from receiving benefits. See Cooks v. Unemployment Appeals Comm'n, 670 So.2d 178 (Fla. 4th DCA 1996); Bulkan v. Florida Unemployment Appeals Comm'n, 648 So.2d 846 (Fla. 4th DCA 1995); Grossman v. J.C. Penney Co., 689 So.2d 1206 (Fla. 3d DCA 1997); Howden v. Pronet, Inc., 688 So.2d 1001 (Fla. 2d DCA 1997); Betancourt v. Sun Bank Miami, N.A., 672 So.2d 37, 38 (Fla. 3d DCA 1996). We reverse the order of the Unemployment Appeals Commission and remand for an award of unemployment compensation benefits to Easton.
GLICKSTEIN, FARMER and GROSS, JJ., concur.