PARKER, Acting Chief Judge.
Alice M. Gerhart (Gerhart) appeals the final order denying her unemployment compensation benefits. The appeals referee found that Gerhart’s actions constituted misconduct connected with work. Because there is insufficient evidence in the record to support the referee’s findings and conclusions, we reverse.
In 1993, Debra Feniello, the owner and chief executive officer of Earing Independent Daycare Services, Inc. (Earing), started this business with Gerhart. Feniello characterized Gerhart’s role in the business as that of a “pseudo partner.” Although Feniello was the sole owner of the business, Gerhart invested a substantial amount of her own money in the business. Feniello worked mainly in the mornings and handled the day-to-day business, while Gerhart worked mainly in the evenings and took care of many of the financial dealings of the business. Gerhart had no specific job duties, because, according to Feniello, Gerhart and Feniello divided up the duties of running the day care business “as best we saw fit.” Gerhart was employed by Earing for more than three years.
Feniello alleged numerous reasons for terminating Gerhart; however, the unemployment claims adjudicator issued a decision that Gerhart was terminated from employment for absenteeism. The claims adjudicator determined that the absenteeism was due to circumstances beyond Gerhart’s control, and then, awarded Gerhart unemployment benefits. Feniello appealed the decision. The appeals referee found that the employer discharged Gerhart for failing to provide the company documents to the employer as instructed. The referee ruled that the documents in question belonged to the employer. Based upon those findings, the referee determined that Gerhart was discharged for misconduct connected with work. We conclude that the record in this case does not support the referee’s findings of fact or conclusions.
Gerhart testified that she believed that the company could not claim certain expenses as business expenses for tax purposes, because she had paid for them with her own money. She refused to give the canceled checks and receipts to the company because the company had not reimbursed her for those expenses. It is not clear from the record whether Gerhart was reasonable in her belief or whether the company was legally entitled to these records. Furthermore, good-faith errors in judgment do not constitute misconduct. See Pascarelli v. Unemployment Appeals Comm’n, 664 So.2d 1089, 1092 (Fla. 5th DCA 1995) (single act arising *882 out of poor judgment may not be misconduct for purposes of determining whether misconduct has occurred which would disqualify a claimant from receiving benefits). In Spaulding v. Florida Industrial Commission, 154 So.2d 334, 337 (Fla. 3d DCA 1963), the court stated that “mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed ‘misconduct’ within the meaning of the statute.”
The issue in this case is not whether it was legal for the company to claim these expenses, but whether it was reasonable for Gerhart to withhold documents which she believed belonged to her. Because the office computer was broken, Gerhart took some of the business records home in order to put the information on her computer system. The record reflects that Gerhart returned those records. The only documents she failed to return were the canceled cheeks and receipts that allegedly belonged to her. There is nothing in the record to dispute that the records that Gerhart refused to return belonged to her. Accordingly, the evidence in the record does not support a determination that Gerhart’s actions constituted misconduct as defined in section 443.036(26)(a) or (b), Florida Statutes (1995).
Upon remand, if the appeals referee finds that the canceled cheeks and receipts belong to Gerhart, then Gerhart would be entitled to unemployment compensation. The order of the Unemployment Appeals Commission is reversed and remanded for proceedings consistent with this opinion.
Reversed and remanded.
ALTENBERND and LAZZARA, JJ., concur.