697 So.2d 567 (1997)
Wade S. LUSBY, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 96-4719.
District Court of Appeal of Florida, First District.
July 22, 1997.
Appellant pro se.
William T. Moore of the Unemployment Appeals Commission, Tallahassee, for Appellee.
BENTON, Judge.
When Mr. Lusby lost consciousness at work, he ended up losing his job, as well. The question now is whether he should also lose the right to unemployment compensation benefits. We conclude that a single instance of an employee's falling asleep on the job does not amount to misconduct disqualifying him for unemployment compensation benefits. See Paul v. Jabil Circuit Co., 627 So.2d 545 (Fla. 2d DCA 1993). Unlike the claimant in Jennings v. Unemployment Appeals Comm'n, 689 So.2d 1193, 1194 (Fla. 4th DCA 1997), Mr. Lusby had never "been caught dozing off on other occasions."
Here, as in Gilbert v. Department of Corrections, 696 So.2d 416, 418 (Fla. 1st DCA 1997), "[i]ssue was joined below on whether the [employer] `discharged [Mr. Lusby] ... for misconduct connected with his work.' § 443.101(1)(a), Fla. Stat. (1995)." On this question, as we said in Gilbert, quoting SKF Management v. Unemployment Appeals Commission, 664 So.2d 345, 347 (Fla. 5th DCA 1995),
the employer has the burden of proving that the act or acts complained of constitute "misconduct" sufficient to disqualify the employee from receiving unemployment compensation benefits. Gunther v. Barnett Banks, Inc., 598 So.2d 243 (Fla. 2d DCA 1992).
Accord Jabil Circuit Co., 627 So.2d at 546. "Courts should narrowly construe the disqualification provisions, and should liberally construe the statute in favor of the claimant...." Webb v. Rice, 693 So.2d 1109, 1111 (Fla. 3d DCA 1997).
The appeals referee found that Mr. Lusby fell asleep on the job on one occasion, and concluded that this violated two of the employer's policies: a policy against sleeping on *568 the job, and a policy against failing to inform management of any physical inability to complete a shift. The appeals referee set out these conclusions, as follows:
The evidence in the record shows that the claimant committed misconduct. Although the claimant acknowledged that he was taking prescribed medication, the claimant was aware that he was required to notify his employer if he was physically unable to complete his shift. The appeals referee finds that by sleeping on the premises and violating the employer's policy, which included the claimant's failure to notify the employer, the claimant committed misconduct.
The appeals referee did not find that Mr. Lusby fell asleep on purpose, or that his falling asleep without informing management beforehand was intentional. The appeals referee did not find that Mr. Lusby was guilty of misconduct for taking medicine that he surmised, after the fact, might have contributed to his falling asleep.[*] The testimony was that he had missed no work for over a year, and that he had been taking the same medicine for some nine months.
Whether an employer has the right to terminate an employee's employment and whether a terminated employee meets the disqualification criteria set out in the unemployment compensation statute are separate issues. See Cooks v. Unemployment Appeals Comm'n, 670 So.2d 178, 180 (Fla. 4th DCA 1996); Livingston v. Tucker Constr. & Eng., Inc., 656 So.2d 499, 500 (Fla. 2d DCA 1995); Hummer v. Unemployment Appeals Comm'n, 573 So.2d 135, 137 (Fla. 5th DCA 1991). Section 443.036(26), Florida Statutes (1995), defines disqualifying misconduct as
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.
Although we assume it gave his employer good cause to terminate his employment, Mr. Lusby's solitary lapse neither evinced "willful or wanton disregard of an employer's interests," § 443.036(26)(a), Fla. Stat. (Supp.1996), nor amounted to "negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design." § 443.036(26)(b), Fla. Stat. (Supp.1996).
Reversed and remanded.
SMITH, Senior Judge, concurs.
DAVIS, J., dissents with opinion.
DAVIS, Judge, dissenting.
In this case the unemployment appeals referee expressly found that Mr. Lusby engaged in multiple acts of misconduct by virtue of failing (over the course of several months) to notify the employer that he was taking medication which could make him drowsy, in addition to the sleeping incident. The appeals referee concluded that this course of conduct constituted misconduct connected with work sufficient to justify the denial of unemployment compensation benefits. The Unemployment Appeals Commission affirmed that denial of benefits. In this case, the decision of the appeals referee was supported by competent substantial evidence and this court is required to affirm.
The question whether an employee has been discharged for misconduct connected with his work is a matter to be determined by the Division of Unemployment Compensation of the Department of Labor and Employment Security. § 443.101, Fla. Stat. (1993). This court lacks the authority to interfere with the division's decision when it is based upon an acceptable view of the *569 evidence presented at hearing. Perez v. State, Dep't of Labor and Employment Sec. Appeals Comm'n, 377 So.2d 806 (Fla. 3d DCA 1979). If there is competent, substantial evidence in the record to support the referee's determination of misconduct, this court must affirm. Carlson v. Florida Dep't of Commerce, 275 So.2d 24 (Fla. 2d DCA 1973).
Scott v. Central Florida Tower Corp., 646 So.2d 842, 843 (Fla. 2d DCA 1994).
The majority has erred in relying upon Paul v. Jabil Circuit Co., 627 So.2d 545 (Fla. 2d DCA 1993). In that case the appeals referee's order granted benefits, and the Commission reversed that decision. The district court of appeal held that the Commission erred in overriding the referee's findings of fact and reinstated the referee's order. Moreover, in that case it is undisputed that there was but a single instance of misconduct. In effect, by ruling that Mr. Lusby is entitled to benefits because there was just a single instance of misconduct, the majority is improperly substituting itself as the finder of fact in this case.
Therefore, I respectfully dissent.
NOTES
[*] The appeals referee accepted the testimony of Mr. Lusby's supervisor that Lusby informed her that he was on medication, but that Lusby had not informed her that the medication caused drowsiness. However, the record reveals that the supervisor was asked by the employee's attorney whether there was a company policy that would require Lusby to inform her if he was taking medication that caused drowsiness, to which she responded: "Well, I don't know."