BENTON, J.
After he lost his job, Robert C. Glenn applied for unemployment compensation benefits. He now appeals an order of the Unemployment Appeals Commission, which affirmed an appeals referee’s decision concluding that Mr. Glenn was discharged for misconduct connected with employment. We reverse because his employer, the Department of Health (Department), failed to meet its burden to establish any misconduct that would preclude the award of benefits.
The statute defines misconduct for unemployment compensation purposes as conduct deliberately (or culpably negligently) antithetical to the employer’s interests:
MISCONDUCT. — “Misconduct” includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer’s interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his or her employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his or her employer.
§ 443.036(26), Fla. Stat. (1997). Under the statute, not even conduct reflecting an inability to perform a job — not that any such inability has been proven here — justifies automatic denial of unemployment compensation benefits.
That the Department had the burden to prove misconduct is clear. See Wark v. Home Shopping Club, Inc., 715 So.2d 323, 324 (Fla. 2d DCA 1998); Gilbert v. Department of Corrections, 696 So.2d 416, 417-18 (Fla. 1st DCA 1997); Gardner v. State, Unemployment Appeals Comm’n, 682 So.2d 1222, 1224 (Fla. 4th DCA 1996).
Here, as in Gilbert v. Department of Corrections, 696 So.2d 416, 418 (Fla. 1st DCA 1997), “[ijssue was joined below on whether the [employer] ‘discharged [Mr. Lusby [here Mr. Glenn]] ... for misconduct connected with his work.’ § 448.101(l)(a), Fla. Stat. (1995).” On this question, as we said in Gilbert, quoting SKF Management v. Unemploy *870 ment Appeals Commission, 664 So.2d 345, 347 (Fla. 5th DCA 1995),
the employer has the burden of proving that the act or acts complained of constitute “misconduct” sufficient to disqualify the employee from receiving unemployment compensation benefits. Gunther v. Barnett Banks, Inc., 598 So.2d 243 (Fla. 2d DCA 1992).
Accord Jabil Circuit Co., 627 So.2d at 546. “Courts should narrowly construe the disqualification provisions, and should liberally construe the statute in favor of the claimant....” Webb v. Rice, 693 So.2d 1109, 1111 (Fla. 3d DCA 1997).
Lusby v. Unemployment Appeals Comm’n, 697 So.2d 567, 567 (Fla. 1st DCA 1997). Based on evidence presented at hearing, the referee made the following findings of fact:
The claimant was employed as an audit evaluator and revenue analyst by the Department of Health from October 1, 1997, through May 29, 1998. The claimant was hired into the position by the Department of Education in 1995. The position and the department claimant worked in were transferred to the Department of Health in October 1997. The Department of Health reviewed the claimant’s qualifications for the position. The position description requires that a person be a certified public accountant or a certified internal auditor. The claimant was notified on October 3, 199[7], that he had six months to secure the necessary license to be retained in the position. The claimant did not take any actions to secure his license within the six months. The claimant was discharged for failing to acquire the license to retain his position.
The referee’s finding of “failing to acquire the license” and taking no action to secure it does not establish misconduct within the meaning of section 443.036(26), Florida Statutes (1997).
While presumably affording adequate grounds for discharging an employee, a lapse as dramatic as falling asleep on the job has been held not to warrant denying unemployment compensation benefits. See Lusby, 697 So.2d at 567-68. “Whether an employer has the right to terminate an employee’s employment and whether a terminated employee meets the disqualification criteria set out in the unemployment compensation statute are separate issues. See Cooks v. Unemployment Appeals Comm’n, 670 So.2d 178, 180 (Fla. 4th DCA 1996); Livingston v. Tucker Constr. & Eng., Inc., 656 So.2d 499, 500 (Fla. 2d DCA 1995); Hummer v. Unemployment Appeals Comm’n, 573 So.2d 135, 137 (Fla. 5th DCA 1991).” Lusby, 697 So.2d at 568.
The Department takes the position that Mr. Glenn’s not seeking licensure (apparently on his own time) after being told to do so violated the “standards of behavior which the employer has the right to expect of [its] employee.” § 443.036(26), Fla. Stat. (1997). But the proof showed only his failure to meet a newly enforced “position description requirement.” The record did not establish what interest the Department had, if any, in his complying with this resurrected dead letter.
The parties’ course of dealing over an extended period — as far as the record discloses, Mr. Glenn started work without any expectation of obtaining licensure — distinguishes this case from a case in which an employee intentionally fails to meet a mandatory condition of employment of which he was aware from the outset. Cf. Gulf County Sch. Bd. v. Washington, 567 So.2d 420 (Fla.1990) (holding employee entitled to benefits where his failure to obtain teacher’s certificate was not for want of trying); Caro v. Florida Unemployment Appeals Comm’n, 24 Fla. L. Weekly D553, — So.2d -, 1999 WL 72229 (Fla. 1st DCA Feb.17, 1999); School Bd. of Lee County v. Florida Unemployment Appeals Comm’n, 500 So.2d 253, 254-55 (Fla. 1st DCA 1986).
The school board in Washington had no authority to waive the requirement that a *871 teacher have a certificate. As pertinent here, “[e]ach person employed as a member of the instructional staff in any district school system shall be properly certificated pursuant to s. 231.17 or employed pursuant to s. 231.1725....” § 231.36, Fla. Stat. (1997). When Washington’s temporary teacher’s certificate expired and he “failed to pass the Florida teachers’ examination, the school board properly terminated his employment,” see Washington, 567 So.2d at 422, but he still received unemployment compensation benefits.
In the present case, in contrast, the Department of Education had authority to waive position description requirements when it initially hired Mr. Glenn if he had other, equivalent training and experience. See Fla. Admin. Code. R. 60K-3.0091(9); Fla. Admin. Code R. 60K-4.002(9). The position itself was transferred from one state agency to another, but the record contains no indication that the position description changed after he was hired. Nobody suggests that he misled anyone as to his qualifications at any time.
As far as the record shows, Mr. Glenn performed his duties as a state employee perfectly adequately without holding a license as a certified public accountant or being a certified internal auditor. Evidently deemed qualified when he was hired, Mr. Glenn served in the position for several years with apparent success. In requiring him to obtain a license, the Department essentially imposed an additional task. See Maynard v. Florida Unemployment Appeals Comm’n, 609 So.2d 143, 145-46 (Fla. 4th DCA 1992); Vazquez v. GFC Builders Corp., 431 So.2d 739, 741 (Fla. 4th DCA 1983) (“[I]f there is a positive understanding at the outset ... that an employee will not be required to perform a certain task, we hold that the employer cannot renege on the understanding and, based thereon, charge the employee with misconduct.”). The Department’s decision later on to insist on certification amounted to a unilateral change in his contract of employment, see Andino v. Lantana Partners, Ltd., 692 So.2d 945, 946 (Fla. 2d DCA 1997), unrelated to the actual performance of his duties.
Reversed and remanded.
PADOVANO, J., CONCURS.
DAVIS, . J., DISSENTING WITH OPINION.