FULMER, Judge.
John E. Gary appeals the decision of the Unemployment Appeals Commission denying his claim for unemployment benefits. Gary argues that the Commission erred in rejecting the findings made by the appeals referee because there was competent, substantial evidence in the record to support the referee’s findings. We agree and reverse.
Gary was initially denied benefits based on a determination that he was discharged for absenteeism from Florida Blood Services. Gary then filed a letter requesting *1252 a review of the denial of benefits. He wrote:
I was fired due to absences, but these were due to depression. I have documented proof that I had sought counseling for depression and requested time off through Human Resources (which was denied). I have been suffering from depression due to a recent separation from my wife and the loss of custody of my three year old daughter.
In response, Rox Hoxworth, Director of Human Resources for Florida Blood Services, faxed a letter to the Commission for Gary’s file, stating: “I have no knowledge of claimant’s Dr. request or request for time off. Supervisor recommended attending employee assistance program to get help for personal problems. I don’t know if he sought help.”
The appeals referee conducted a telephone hearing. Gary and Hoxworth were the only witnesses. The referee first questioned Hoxworth and asked, “Were you aware that [Gary] was suffering from depression?” Hoxworth testified that he was not aware of Gary’s condition but he was aware that the supervisor had recommended the employee assistance program for Gary to get help with his personal problems. Gary testified that family-related problems caused his absenteeism and that he did attend the employee assistance program when it was suggested by his supervisor. Gary also testified that he asked his supervisor for a medical leave of absence, but his request was denied. Gary testified that he was receiving private counseling at the time of his discharge.
The appeals referee reversed the denial of benefits, finding that Gary had sought medical help for depression through the employee assistance program and had requested a medical leave of absence. The referee found that when leave was denied, Gary continued to be absent and was terminated. The referee concluded that because of Gary’s ongoing illness, his conduct and attendance record were not so egregious as to amount to misconduct connected with work.
The employer appealéd' the referee’s decision and the Commission reversed. The Commission concluded, first, that the referee’s decision was not supported by the record. We disagree with this conclusion. Our review of the record reveals that the referee’s findings were based on competent, substantial record evidence. The Commission, therefore, exceeded its scope of review. See Anderson v. Unemployment Appeals Comm’n, 822 So.2d 563, 567 (Fla. 5th DCA 2002) (“[W]here there is competent, substantial evidence to support the referee’s findings of fact, the Commission may not reweigh the evidence and substitute its findings of fact for those of the referee.”); Johnston v. Homeowners Warehouse, Inc., 654 So.2d 934, 934 (Fla. 3d DCA 1994) (“The Commission’s ruling exceeded its authorized scope of review, which precludes reweighing the evidence -”).
Aside from rejecting the referee’s findings, the Commission determined that even if Gary had been suffering from depression, it was incumbent upon him to provide his employer with medical documentation. We agree with Gary that the medical documentation requirement is not supported by the law. Cf. Gilbert v. Dep’t of Corr., 696 So.2d 416 (Fla. 1st DCA 1997) (discussing claimant’s burden after dismissal for excessive absenteeism). Accordingly, we reverse the denial of benefits.
Reversed and remanded.
SALCINES and STRINGER, JJ., concur.