842 So.2d 285 (2003)
Lissette PEREZ, Appellant,
v.
AMERICAN MEDICAL, INC., and Florida Unemployment Appeals Commission, Appellees.
No. 3D02-1843.
District Court of Appeal of Florida, Third District.
April 16, 2003.
*286 Lissette Perez, in proper person.
John D. Maher (Tallahassee), for Unemployment Appeals Commission.
Before SCHWARTZ, C.J., and COPE and WELLS, JJ.
SCHWARTZ, Chief Judge.
This appeal, like the one in Tourte v. Oriole of Naples, Inc., 696 So.2d 1283 (Fla. 2d DCA 1997), is from a decision of the Unemployment Appeals Commission which approved an appeals referee's factual finding determining that the claimant was entitled to unemployment compensation benefits because she had voluntarily left her employment "for good cause attributable to the employer", 696 So.2d at 1284, but concluded as a matter of law that there was no such good cause. As in Tourte, "[b]ecause the appeals referee's decision that Ms. Tourte left for good cause attributable to the employer was supported by substantial, competent evidence," 696 So.2d at 1284, we reverse the Commission's action under review as an improper substitution of its judgment for that of the referee.
The appeals referee's decision was based upon his assessment of the legal effect of the following factual circumstances which underlay Ms. Perez's departure from her position:
The claimant became employed by the operator of a hospital, as a certified nursing assistant on March 6, 2001. The claimant had been promised a position as a patient care technician, a somewhat higher position that she held in her previous job. The claimant was told to work in that position until a higher position came up. During the ensuing eight months the claimant complained frequently because she continued to work as a certified nursing assistant. At around her last complaint, the claimant was asked if she wanted to work as a secretary. The claimant accepted. After training, the claimant was promoted to the position, which is actually labeled secretary/technician. In this type of position, if services were necessary in patient care, the secretary/technician could be of help. After training and several weeks of working in the position, the claimant received some complaints regarding mistakes. On January 30, 2002, *287 the claimant called in ill. The claimant was off on Thursday and Friday, the 31st of January and February 1. In the meantime, the nurse manager had decided that the claimant was not going to work as a secretary unless she received some training, and changed her schedule beginning Saturday to work as a certified nursing assistant. Although the claimant frequently received calls at a new number or through her mother's number, she was not called at this time. When the claimant reported for work on February 2, 2002, she found someone working in her position. When no one could explain to her why, including the charge nurse, the claimant called the nursing office and spoke to a supervisor. The supervisor advised the claimant that there was a note from the nurse manager that was assigning the claimant to another section to work as a certified nursing assistant. The claimant advised the supervisor that she would not work as a certified nursing assistant. The claimant was offended because she had been changed to the position of certified nursing assistant without discussing it with her beforehand. The supervisor warned the claimant that if she left, she would be terminated. The claimant did not work as a certified nursing assistant on the day in question. The claimant was separated from her employment effective February 2, 2002.
The Commission's contrary decision was, almost self-avowedly, merely a reassessment of the legal effect of these facts. Its order stated:
The referee found that the claimant quit with good cause when she left work rather than work as a certified nursing assistant. The record reflects that the claimant was hired as a secretary/technician, but she worked primarily in the secretarial position for three months. When the employer noticed problems with the claimant's performance as a secretary, it was decided to schedule the claimant as a technician, which involved duties as a certified nursing assistant, while providing the claimant additional training as a secretary. The referee reasoned that the employer "demoted" the claimant because the claimant had not been informed previously of the employer's plans to provide her additional training. To the contrary, the claimant was hired with the understanding that she would also perform certified nursing assistant duties. While the employer was unable to inform the claimant of its plans to provide her additional training (though the employer's witness testified that the employer had attempted to do so), the employer has every right to address an employee's performance problems. Moreover, there is no evidence that the employer reduced the claimant's wages or changed her hours of work. The claimant left work and did not return rather than discuss her concerns with the employer. The claimant did not make reasonable efforts to preserve her employment prior to quitting; therefore, she voluntarily left work without good cause attributable to the employing unit. [e.s.]
As again elucidated by Tourte, we conclude that this re-interpretation process was unjustified. As Tourte said, in disapproving a Commission decision in language which can be applied, almost word for word, to this case:
We acknowledge this is a close case, and had the appeals referee decided to deny benefits, we would agree with that decision. We would agree because the appeals referee, as the fact-finder, personally heard the testimony, had the opportunity to observe the witnesses as they testified, and reached conclusions which we cannot from the cold record.

*288 It was undisputed that Ms. Tourte was hired as a construction secretary. The dissent implies that because Ms. Tourte did not have a written employment contract, there were no obligations imposed on the employer. If this were a breach of contract action, we would agree. However, just because an at-will employee may be fired without any risk of a breach of contract action against the employer does not prevent that employee from seeking unemployment compensation benefits.
It is also undisputed that Ms. Tourte was to be denied the construction secretary position. It could be argued that her "voluntary" leave was premature because she had not yet been transferred to sales. A careful reading of the record reveals that she was, in fact, performing the duties as a secretary in sales as well as construction, a situation that Oriole conceded was a two-person job. The employer's solution was to remove Ms. Tourte from the construction secretary position, the job for which she was specifically hired, and have her become the full-time sales secretary, a position she would not have accepted at the time of hire. The question of whether an employee took sufficient reasonable steps prior to resigning for good cause attributable to the employer is an issue to be resolved by the fact-finder.[[1]] See Kralj v. Unemployment Appeals Comm'n, 537 So.2d 201 (Fla. 2d DCA 1989). Here, the appeals referee found Ms. Tourte's actions reasonable and proper.
Tourte, 696 So.2d at 1286. Accord, e.g., Gary v. Unemployment Appeals Comm'n, 838 So.2d 1251 (Fla. 2d DCA 2003); Ferguson v. Henry Lee Co., 734 So.2d 1161 (Fla. 3d DCA 1999); San Roman v. Unemployment Appeals Comm'n, 711 So.2d 93 (Fla. 4th DCA 1998); Andino v. Lantana Partners, Ltd., 692 So.2d 945 (Fla. 2d DCA 1997); Amato v. Unemployment Appeals Comm'n, 648 So.2d 284 (Fla. 4th DCA 1995).
For these reasons, the decision under review is reversed and the cause remanded with directions to afford Ms. Perez the benefits claimed.
WELLS, J., concurs.
COPE, J., (dissenting).
The majority opinion acknowledges, "The [on duty] supervisor warned the claimant [Ms. Perez] that if she left, she would be terminated." Majority opinion at 287. She left. While the nurse manager should have discussed the reassignment with Ms. Perez directly rather than leaving her a note, the fact remains that the employer had made a decision to reassign Ms. Perez to a nursing assistant position in which she had previously worked. As the Unemployment Appeals Commission correctly points out, the appellant should not have walked off the job under these circumstances. She should have obeyed the order that day, and requested a meeting with the nurse manager on the next business day.
The majority opinion seems to take the position that Ms. Perez quit rather than accept the nursing assistant reassignment. According to Ms. Perez' brief, that is not correct. Ms. Perez was offended by being reassigned without an in-person discussion with the nursing manager. She indicates that she told the on duty supervisor that she was leaving until she could have such a discussion. On speaking with management several days later, Ms. Perez said *289 that she would accept the nursing assistant position. The hospital refused, since Ms. Perez had left work after being warned that a departure would result in termination.
There is no question but that the hospital handled its communications with Ms. Perez badly. However, in terms of the applicable law, the Commission's ruling was correct.
NOTES
[1] In this case the Commission stated "the claimant did not make reasonable efforts to preserve her employment prior to quitting."